### 5175.  NEAL *v.* DEANS.

1. The defendant in the court below was a common carrier. "One who pursues the business constantly or continuously for any period of time, or any distance of transportation, is a common carrier, and as such is bound to use extraordinary diligence. In cases of loss the presumption of law is against him, and no excuse avails him unless it was occasioned by the act of God or the public enemies of the State." Civil Code, § 2712.

2. Even if the contract entered into between the drayman and the plaintiff's son could have had the effect of relieving the defendant from liability, still there was sufficient evidence to authorize the jury to infer that the defendant refused to comply with the obligation of his contract to pay for repairs on the plaintiff's piano, and that thereby the plaintiff was released from the contract and remitted to her original rights.

3. The trial was free from material error. The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED DECEMBER 9, 1913.

Action for damages; from city court of Floyd county—Judge Reece. August 11, 1913.

*McHenry & Porter,* for plaintiff in error.
*C. I. Carey, W. J. Nunnally,* contra.

RUSSELL, C. J.  As appears from the record, Mrs. S. M. Deans, through her son, contracted with W. T. Neal to remove her piano from her residence in Rome, Georgia, to a car upon the tracks of a railroad, for the purpose of having it conveyed to the city of Atlanta.  Neal was a regular drayman and transfer man, and, as such, in accordance with his contract, took possession of the piano and had it placed upon his dray.  The mules hitched to the particular wagon upon which the piano had been loaded became fright-

ened at some object in the street, and the piano was overturned and fell off the wagon. There is conflict in the evidence as to the seriousness of the injury to the piano. The testimony for the plaintiff indicates that the instrument was practically ruined. The evidence for the defendant is to the effect that the damage was very slight. There is evidence sustaining the contention that Neal admitted his liability for the damage, whatever it might be, and agreed that he would pay whatever sum might be necessary to repair the instrument, and executed an agreement with the plaintiff, which read as follows: "Georgia, Floyd County. This agreement made this 18th day of October, 1909, between W. T. Neal, of Floyd county, Georgia, party of the first part, and Mrs. S. M. Deans, of Fulton county, Georgia, witnesseth: that, whereas said party of the first part has this day injured and damaged party of the second part by letting a certain piano fall from his dray in moving the same, it is hereby agreed that said party of the first part will pay all the cost incident to repairing said piano, and that the work is to be done by the Wester Music Company of Atlanta, Georgia, and settlement is to be made as per their statement of said cost." There is evidence that with the end in view of making these repairs, Neal procured the permission of the plaintiff's son, acting as her agent, to place the piano in a car which had been engaged by her, and that it thus remained in Neal's possession until it was delivered in his behalf to the Wester Music Company at Atlanta. After its delivery to the music company Mr. Wester took up with Neal the subject of the repairs, in an effort to obtain Neal's authorization that the necessary repairs be made, in order to assure himself that he would receive payment. Neal replied to only one of Wester's communications (which began in October, 1909), and his letter was not written until March 8, 1910, when he wrote to the Wester Music Company that he would not pay the storage on the piano, and that he had revoked his agreement to pay for the repairs, and he enclosed therewith a copy of a letter of the same date, written to Mrs. Deans, in which he revoked his former agreement and told Mrs. Deans that she was at liberty to get an adjustment by legal means. On December 24, 1909, Mrs. Deans brought suit against him in a justice's court, for $100, but this was dismissed by her in the following May, for the purpose of bringing suit in the city court. She obtained a verdict against him in the

city court, his motion for a new trial was overruled, and he excepted.

The plaintiff in error contends that the law as to common carriers does not apply to this case, because, by the contract as to the repairs, his liability as a common carrier ceased, and the plaintiff's only remedy was upon a breach of that contract. It is further insisted that the settlement under the contract was to be made upon a statement of the cost by the Wester Music Company, and that Mrs. Deans never furnished any statement; that under the agreement Neal was to repay to her the cost of the repairs as fixed by the statement of the Wester Music Company, furnished to her for settlement; and that until the piano had been repaired and such a statement had been presented, there would be no breach of the agreement. In our view of the matter the defendant was a common carrier. "One who pursues the business constantly or continuously for any period of time, or any distance of transportation, is a common carrier, and as such is bound to use extraordinary diligence. In cases of loss the presumption of law is against him, and no excuse avails him unless it was occasioned by the act of God or the public enemies of the State." Civil Code, § 2712. As a common carrier he could not limit his liability for his own negligence; and therefore the agreement entered into between him and the plaintiff's son, acting as her agent, could not amount to anything more than an agreement admitting liability and fixing the amount of the damages. We think the court properly construed the contract, adversely to the contentions of the plaintiff in error, as to the materiality of a statement being furnished to Mrs. Deans. The subject of the negotiations between the defendant and Mrs. Deans's son was the repair of the damage to the piano. The agreement means nothing if it does not mean that Neal assumes liability for whatever amount may be necessary to repair the damaged instrument. In this view of the case it would be wholly immaterial whether a statement was ever rendered to Mrs. Deans or not. Perhaps the defendant was entitled to have a statement made to him, as to the probable cost of the repairs, so that he might, if he thought the charge of the Wester Music Company too much, have the right to have the repairs made by another. But if the contract is subject to this construction, the defendant was not hurt, because (probably upon information from Mrs. Deans as to the terms of the contract)

the Wester Music Company promptly wrote to Neal, and gave him a general statement of the probable cost of the repairs to the piano. To this communication Neal made no reply until he sent his letter notifying the Wester Music Company that he revoked his prior agreement. The jury properly found that Neal had no right to blow both hot and cold,—at one time to make a contract, later to revoke it, and then, when sued, to attempt to revive it for the purposes of his defense.

There is no merit in any of the exceptions to the charge of the court, and the court did not err in refusing a new trial.

*Judgment affirmed.*